(86 Misc. Rep. 560)

## LINTON v. HALL.

(Supreme Court, Special Term, Kings County.　July, 1914.)

DIVORCE (§ 245*)—JUDGMENT FOR ALIMONY—MODIFICATION.

　　Under the express provisions of Code Civ. Proc. § 1771, a decree of divorce awarding alimony to the wife will be modified after her remarriage, so as to disentitle her to alimony subsequent to such date, and not merely from the date of the order of modification.

　　[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 691–695; Dec. Dig. § 245.*]

Action by Margaret Linton, also known as Margaret Conner, against Archie Hall, also known as Archibald Hall Conner.　On motion by defendant asking that judgment against him be vacated and set aside, or·that it be modified or amended.　Motion granted in part, with directions to amend, modify, and reduce judgment.

Van Mater Stilwell, of Brooklyn, for plaintiff.
Gilbert D. Steiner, of New York City, for defendant.

ASPINALL, J.　This is an application by the defendant, asking that an order be entered herein, directing that judgment entered against the defendant on January 13, 1914, for the sum of $3,459, be vacated and set aside, or that said judgment be modified or amended, by reducing the amount thereof to such sum as plaintiff may have been entitled to for alimony under the final decree of divorce herein, from the date of the entry of such decree up to the time of her marriage with one Horace P. Linton on July 1, 1908, and also further directing that the final judgment of divorce in this action, entered April 2, 1908, and any orders made with reference thereto, be amended nunc pro tunc as of the date of plaintiff's marriage to said Horace P. Linton, by annulling the provisions of such final judgment or orders directing payments of money for the support of the plaintiff.

This application is made under and by virtue of section 1771 of the Code of Civil Procedure, as amended, for a modification of the judgment entered herein, upon the ground that the plaintiff remarried on the 1st day of July, 1908, and that, consequently, under the statute, she is not entitled to alimony subsequently to that time.　Section 1771 of the Code of Civil Procedure, as amended, applies to the facts appearing on this motion, and, in my opinion, is mandatory.　It reads as follows:

　　"Sec. 1771. * * * Where an action is brought by a wife, as prescribed in article second of this chapter, and a final judgment of divorce has been rendered in her favor, the court, upon the application of the defendant on notice, and on proof of the marriage of the plaintiff after such final judgment, must by order modify such final judgment and any orders made with respect thereto, by annulling the provisions of such final judgment or orders, or of both, directing payments of money for the support of the plaintiff."

It appears that the above-named plaintiff and defendant intermarried on May 4, 1892, in the borough of Brooklyn, city of New York, and have since resided in the state of New York.　On February 5,

1907, the plaintiff commenced an action for absolute divorce from the defendant upon the ground of his adultery. There was at that time one child living, the issue of said marriage, namely, Ethel Hall Conner, then 12 years of age.

The defendant appeared and answered, but on the trial defaulted in appearance. As a result of the trial an interlocutory decree of divorce was granted, which was subsequently made final after the expiration of the statutory period of three months, to wit, on the 2d day of April, 1908; said final decree providing for a payment to the plaintiff of the sum of $12 per week for the support of herself and child. It also appears that on the 1st day of July, 1908, the plaintiff was married to one Horace P. Linton.

The defendant is in arrears for the payment of alimony. The defendant deposes that he did not have any knowledge of plaintiff's remarriage until June 13, 1914, and that the source of his knowledge as to such remarriage of the plaintiff was the affidavit made by her, verified on the 8th day of January, 1914, upon which said judgment for $3,459, entered on January 13, 1914, was made and entered, and that he had no knowledge of the entry of said judgment until June 13, 1914, aforesaid, when an affidavit and order in supplementary proceedings in this action were served upon him.

The plaintiff concedes that the final decree must be modified from now on in respect to the payments of alimony to her, but that the judgment entered in favor of the plaintiff for arrears of alimony should not be disturbed, for the reason, as she alleges, that the amount thereof represents only the amount actually expended by the plaintiff for the support, clothing, maintenance, and care of the child. The plaintiff, in support of this contention, cites the case of Mowbray v. Mowbray, 136 App. Div. 513, 121 N. Y. Supp. 45, as authority for the proposition that the defendant should be relieved from the payment of alimony only from the date of the order annulling the provision.

In the above case the defendant appealed from an order made at Special Term denying the defendant's motion to amend a final judgment of divorce. In the course of the opinion the court intimated that the only effect of granting the motion would have been to have relieved the defendant from the payment of alimony from the time the order was made. It must also be borne in mind that the court also said (136 App. Div. at page 515, 121 N. Y. Supp. at page 46):

"The court must modify the judgment. It has no discretion. The purpose sought to be accomplished by this statute was to prevent a woman who had married after a judgment of divorce being supported either in whole or in part by her former husband. The marriage having taken place, the defendant was entitled to have the judgment amended."

These two statements by the court appear to be in conflict, but I have determined to resolve this conflict, if such exists, in favor of what I deem to be the intent and purpose of the statute, to wit, that the plaintiff is not entitled to alimony subsequently to her remarriage.

If the defendant can only be relieved from the payment of alimony from the time of the entry of the order annulling the provision, the

defendant, under the situation existing in this case, not having notice of his former wife's remarriage until many years thereafter, it would in effect mean that a woman could, by contracting a secret marriage, or by remarrying in a remote or foreign jurisdiction, and the former husband not having knowledge of such remarriage for a long period of time, as in the case at bar for a period of almost six years, mulct him in a large sum of money by reason of alimony having been paid, or having accrued, as herein, and she would, therefore, while being supported by her present husband, also be in receipt of moneys from her former husband, or, in other words, the former husband, under such conditions, would be assisting in the support, "either in whole or in part," of the said plaintiff after her marriage to another, a situation which, I am convinced, the statute was enacted to prevent.

Section 1771 is clear, distinct, and mandatory, and in my opinion the court is without discretion in carrying out its provisions. For the reasons stated, I am satisfied that the plaintiff is not entitled to alimony subsequently to the date of her remarriage on July 1, 1908.

The moving party herein, however, does not ask that any provision be made for the maintenance of the child, Ethel Hall Conner, subsequently to her mother's remarriage; but I am convinced that the defendant should continue to provide for his said child, and that I have power to so direct by virtue of the authority conferred upon me by statute.

It is true that a lump sum of $12 per week was directed by the final judgment of divorce to be paid for the support of the wife and child; but in view of the fact that the plaintiff herein, by reason of her remarriage, has ceased to benefit under this provision, I think that the defendant should pay to the said child the sum of $6 per week, to date from the 1st day of July, 1908, to continue thereafter during her minority.

I accordingly direct that the final judgment of divorce be amended nunc pro tunc, by providing that alimony be paid to the plaintiff by the defendant, for the support of herself and child, at the rate of $12 per week, from the date of the entry of said final judgment, April 2, 1908, down to the date of the plaintiff's remarriage on July 1, 1908.

I also direct that the said final judgment of divorce be further amended nunc pro tunc, by providing for the payment of $6 per week by the defendant for the support of his said child, said weekly payments to continue from the 1st day of July, 1908, down to the time when the said child attains her majority.

Also, that any orders made with respect to the said judgment of divorce be modified nunc pro tunc, by amending the provisions of such final judgment or orders directing the payments of moneys for the support of the plaintiff and child, as above indicated.

I also hereby direct that the said judgment for $3,459, entered on January 13, 1914, be amended, modified, and reduced to comply with the above directions, in so far as they affect the said judgment. Motion granted to this extent only.

Ordered accordingly.