[No. 17948.   Department One.   July 6, 1923.]

EDWARD C. HESTON, *Appellant,* v. EDITH M. ODLIN, *Respondent.*[1]

DIVORCE (104)—CUSTODY AND SUPPORT OF CHILD—MODIFICATION OF DECREE.  A decree of divorce giving the husband the privilege of visiting a minor child, should be modified, on the remarriage of the wife, to relieve him from further payments for support and giving him the right to have the child visit him during the summer vacation.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered February 26, 1923, upon findings in favor of the defendant, denying the modification of a decree of divorce, after a hearing before the court.  Reversed.

*H. L. Brown* and *Hayden, Langhorne & Metzger,* for appellant.

*Guy E. Kelly, Thomas MacMahon,* and *Robt. B. Abel,* for respondent.

BRIDGES, J.—The parties hereto were husband and wife prior to May 21, 1920.  On that date the superior court of Pierce county gave the respondent (plaintiff there) a divorce.  The decree gave to her the care and custody of their son, a child now past six years of age. It further provided that the appellant (defendant there) should have "the right and privilege of visiting

¹Reported in 216 Pac. 845.

said minor child at any and all reasonable times."
The appellant was further required to make monthly
payments to the respondent of $75 for her own mainte-
nance, and an additional $75 for the maintenance and
care of the child. These payments have been season-
ably made. Subsequently to the divorce, respondent
re-married and now lives with her husband at Ana-
cortes, while the appellant resides at Roslyn. In Sep-
tember, 1922, he petitioned the court which granted the
divorce for a modification of the decree so that it would
relieve him from paying any further sums to the re-
spondent for her own maintenance, and would provide
for $25 per month for the maintenance of the minor
child instead of $75 per month, as in the original decree.
He also asked that the court make such modification of
the original decree as that he would be permitted to
have the custody of the child for such definite periods
as the court might determine. After a hearing, the
trial court refused to modify the decree in any respect
except to relieve appellant from the payment of any
further sums for the maintenance of the respondent. It
found that since the divorce respondent had permitted
the child to visit appellant at various times, although
she was not required by the decree so to do, and said:
"I do think, however, that the father should, as he has
in the past, have the child occasionally. I think the
court will leave the decree in that respect just as it is."

It will not be necessary here to recite any more of
the details of the testimony. We think the trial court
was right in modifying the decree so as to relieve
appellant from any further payments to respondent
for her maintenance, and was also right in refusing to
modify it with reference to the amount to be paid by
appellant for the maintenance of his child. But, under
all of the circumstances, we are of the opinion that

the court should have modified the decree so as to have given the appellant the right to have the child visit him during certain definite periods and until the further order of the court. The mother is remarried and testified that she did not wish the appellant to visit the child at her home. In this conclusion she is doubtless wise. We think the appellant is entitled to have the child with him for not less than six weeks during each summer school vacation. We also think the respondent should be permitted to determine the exact time during such vacations when the child shall visit the appellant.

The judgment is reversed, and the cause remanded for the trial court to make an additional modification to the original decree of divorce so that it will require respondent annually, until the further order of the court, during the summer school vacation, upon the request of the appellant, to permit the minor child to visit the appellant for a period of not less than six weeks, the respondent to fix the particular period or periods constituting such six weeks during each summer vacation. The appellant will be required to pay the costs of this appeal.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.