## ALSOP v. COMMISSIONER OF INTERNAL REVENUE.[*]

### No. 6259.

Circuit Court of Appeals, Third Circuit.

Sept. 10, 1937.

R. T. M. McCready, of Pittsburgh, Pa., for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and S. Dee Hanson, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON, DAVIS, and BIGGS, Circuit Judges.

[*]Writ of certiorari denied 58 S.Ct. 480, 82 L.Ed. ——.

DAVIS, Circuit Judge.

This is an appeal from an order of the Board of Tax Appeals redetermining deficiencies of $2,291.39 and $386.44 in the petitioner's income tax returns for the years 1930 and 1931, respectively.

The question in issue is whether or not the petitioner is required to pay taxes on the income received by his divorced wife, who is remarried to another man, from a trust created by him "in lieu of alimony."

Eula J. Alsop, the petitioner's wife, brought suit for absolute divorce with alimony in the Tribunal of First Instance of the Department of the Seine, Paris, France. The court announced its intention to grant the divorce, but before entering the decree said it would give the parties an opportunity to enter into an agreement "in lieu of alimony and with respect to the care and custody of their children." They entered into an agreement wherein it was provided that his wife was to have the care, maintenance, upbringing, education, and custody of their two minor daughters with the right in him to visit and have them with him occasionally together with the duty to pay "doctors, surgeons and dentists * * * and * * * boarding school and college fees and expenses"; that the petitioner was to convey certain real estate to three trustees in an irrevocable trust to pay $12,000 per year to his wife during her lifetime for her personal use and $3,000 additional per year for the maintenance of the children, so long as they remained in her custody; that when each child arrived at majority, or married, her portion of the $3,000 was to be paid directly to her; that all the income from the trust over and above the $15,000 was to be paid to the petitioner, who was to make up any deficiencies in the income up to $15,000. The trust provided that after the death of his wife the children were to be paid the entire $15,000 per year; that the property composing the trust would revert to him if he was predeceased by his wife and by his children without leaving issue.

An absolute divorce was thereupon granted in 1925 and, at some unspecified date, between that time and 1930, petitioner's former wife married a Mr. Neilson, who is still living with her. She has been paid $15,000 per year every year since the execution of the agreement.

The Commissioner determined that the petitioner was liable for the income so paid to his former wife and assessed $2,291.30 and $386.44 in additional taxes for the years 1930 and 1931, respectively. The petitioner appealed to the Board of Tax Appeals, which affirmed the decision of the Commissioner. The petitioner thereupon appealed to this court.

The Board relied mainly upon the case of Douglas v. Willcuts, 296 U.S. 1, 56 S. Ct. 59, 62, 80 L.Ed. 3, 101 A.L.R. 391, in which the court said that: "Amounts paid to a divorced wife under a decree for alimony are not regarded as income of the wife but as paid in discharge of the general obligation to support, which is made specific by the decree. Gould v. Gould, 245 U.S. 151, 153, 38 S.Ct. 53, 62 L.Ed. 211; Audubon v. Shufeldt, 181 U.S. 575, 577, 21 S.Ct. 735, 45 L.Ed. 1009." It further said that payments made to a divorced wife through a trust created by the husband in lieu of alimony, where the decree of divorce incorporated the terms of the trust, were taxable to him. Even where the decree of divorce makes no mention of alimony, whatever a husband is taxable for the income derived from a trust created by him for the support of his divorced wife. Helvering v. Coxey, 297 U.S. 694, 56 S.Ct. 498, 80 L. Ed. 986, reversing (C.C.A.) 79 F.(2d) 661; Albert C. Whitaker v. Com'r, 33 B.T.A. 865.

These decisions rest upon the ground that the payments to the wife are in discharge of the obligation of the husband to support her.

Though it is generally stated that the remarriage of the wife does not automatically release the former husband from the duty of supporting her (19 C.J. 625), her remarriage is almost universally held to be sufficient grounds for an order suspending or abrogating further payments of alimony upon application therefor by the former husband. Heston v. Odlin, 125 Wash. 477, 216 P. 845; Cole v. Cole, 142 Ill. 19, 31 N.E. 109, 19 L.R.A. 811, 34 Am.St.Rep. 56; Morgan v. Morgan, 211 Ala. 7, 99 So. 185; Emerson v. Emerson, 120 Md. 584, 87 A. 1033; Hartigan v. Hartigan, 145 Minn. 27, 176 N.W. 180; Olney v. Watts, 43 Ohio St. 499, 3 N.E. 354; Southworth v. Treadwell, 168 Mass. 511, 47 N.E. 93; Erwin v. Erwin, 179 Ark. 192, 14 S.W.(2d) 1100; Holt v. Holt, [1868] L.R. 1 Prob. & Div. (Eng.) 610; Krauss

v. Krauss, 127 App.Div. 740, 111 N.Y.S. 788.

In many jurisdictions the duty to pay alimony ceases on the remarriage of the divorced wife. Tremper v. Tremper, 39 Cal.App. 62, 177 P. 868; Carlton v. Carlton, 87 Fla. 460, 100 So. 745; Evans v. Evans, 229 Ky. 21, 16 S.W.(2d) 485; Morgan v. Lowman, 80 Ill.App. 557. See, also, 2 Schouler on Marr., Div., Sep. and Dom. Rel. (6th Ed.) § 1834. In some jurisdictions the burden rests upon the remarried wife to prove that she is still entitled to payments of alimony. Phy v. Phy, 116 Or. 31, 236 P. 751, 240 P. 237, 42 A.L.R. 588; Francis Child on New Jersey Divorce p. 164. It has been held that "good public policy would not compel a divorced husband to support his former wife after she has become another man's wife, except under extraordinary conditions, which she should be required to prove," and that "the cases wherein the alimony should be continued after the remarriage are *extremely rare and exceptional*." Cohen v. Cohen, 150 Cal. 99, 104, 88 P. 267, 270, 11 Ann.Cas. 520. A number of the states, including New York and New Jersey, have passed statutes specifically relieving the husband of any duty to support his divorced wife after she has married another man. Section 1771, Code of Civil Procedure of New York (Civil Practice Act, §§ 1159, 1170); Linton v. Hall, 86 Misc. 560, 149 N.Y.S. 385; chapter 145, 1933 Laws of New Jersey, 296 (N.J.St.Annual 1933, § 62—25).

■ But the cases do not settle the issue before us. The husband had to meet the question of discharging his obligation to support his wife. This he could have done by allowing the court to enter a decree for alimony. If he had done this, the alimony would have been annually taxable to him. He did not choose to do this, for he did not know the amount of alimony which the court would allow, nor did he know how long his wife would live. He could have discharged his obligation by paying her a stipulated sum, but he did not do this. He chose rather to take the chance of forever relieving himself of the obligation to support her by the creation of a trust which with its provisions stood in the place of his obligation. The agreement recites that it is "in lieu of alimony." In other words, by it, he wiped out his obligation to pay alimony. Economically it might have been

a good or bad bargain, depending upon future events, but it was a chance which he felt justified in taking. The fact of his wife's remarriage was only an incident which could not be foreseen when the husband chose to put an end to his obligation to support her by the creation of the trust. Whatever this agreement may be called, "a family settlement" or anything else, it was "in lieu of alimony" for her entire life, remarried or otherwise. It may seem hard that the petitioner must pay taxes on the income which supports another man's wife, but it is a condition for which he is responsible and which he created as a substitute for his obligation to support her.

█ There can be no question about his obligation to pay taxes on the $3,000 spent for the support of his children. Helvering v. Schweitzer, 296 U.S. 551, 56 S.Ct. 304, 80 L.Ed. 389.

The order of redetermination is affirmed.