[No. 38959.    Department Two.    June 29, 1967.]

SHIRLEY L. MOORE, *Respondent,* v. RICHARD A. MOORE, *Appellant.*[*]

*Jerry T. Haggarty,* for appellant.

[*]Reported in 429 P.2d 877.

LANGENBACH, J.†—This is an appeal from an order modifying the alimony provisions of a divorce decree.

Respondent (who elected not to meet this appeal) was remarried on November 18, 1965, a month and a half after she was divorced from appellant. The decree provided for monthly alimony payments, but the record does not contain a copy of that decree nor any of its alimony provisions.

On December 17, 1965, appellant petitioned for the elimination of all future alimony payments as of the date of November 18, 1965, the date respondent remarried. The show cause order (returnable December 29, 1965) was heard on February 16, 1966. However, the findings of fact, conclusions of law and order, prepared by appellant's counsel, were not entered until April 5, 1966. That order allowed respondent the installments of alimony which had accrued between her remarriage and the end of February, 1966.

It was appellant's contention that the trial court erred in allowing alimony payments up to the time of the hearing to modify the decree's provisions for monthly alimony. In finding of fact No. 3 the court stated that "the court has grave doubts that it has the power to eliminate accrued payments since said date." It was appellant's position that the court should have terminated his responsibility to pay alimony as of November 18, 1965, the date of respondent's remarriage. The question of the power of a court to modify a decree of divorce as to installments of alimony past due and unpaid was considered in the early case of *Beers v. Beers*, 74 Wash. 458, 461, 133 Pac. 605 (1913). The court said:

> On the question of the power of the court to modify the decree as to those installments of alimony past due and unpaid, the law appears to be that such power does not exist. The rights and liabilities of the parties with reference to such installments become absolute and fixed at the time provided in the decree for their payment, and as to such the decree is not subject to modification.

See also *Kinne v. Kinne*, 137 Wash. 284, 242 Pac. 388 (1926).

---

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

In *Heston v. Odlin*, 125 Wash. 477, 216 Pac. 845 (1923), we approved the modification of a divorce decree so as to relieve a husband from any further payments to a former wife who had remarried. In *Fisch v. Marler*, 1 Wn.2d 698, 711, 97 P.2d 147 (1939), cited by appellant, we held that

> remarriage of a divorced wife does not, of itself, terminate the obligation of the former husband to pay alimony as prescribed in the decree, but that ordinarily it would constitute a strong reason for the exercise of a judicial discretion, *provided that it was supported by some recognized ground for equitable interposition*.[1] (Italics ours.)

■ Here the sparse record does not include the original decree of divorce. There being nothing to indicate the manner in which alimony was allowed, it is difficult to determine whether there exists, relative to that decree, recognized grounds for equitable interposition. In the paucity of the record the modification order must be affirmed. There is no occasion for an extended discussion of the trial court's power to eliminate accrued payments of alimony.

FINLEY, C. J., DONWORTH, HUNTER, and NEILL, JJ., concur.

August 15, 1967. Petition for rehearing denied.

---

[1] In *McHan v. McHan*, 59 Idaho 496, 84 P.2d 984 (1938), relied upon by appellant, the ex-wife *secretly* remarried and then *concealed* the fact