448 P.2d 777 (1968)
92 Idaho 683
John E. GORTSEMA, Plaintiff-Appellant,
v.
Myrtle E. GORTSEMA, by her Guardian, W.L. Dempsey, Defendant-Respondent.
No. 10152.
Supreme Court of Idaho.
December 24, 1968.
*778 William H. Foster, Grangeville, for appellant.
Paul G. Eimers, Grangeville, for respondent.
McFADDEN, Justice.
On April 14, 1961, appellant John E. Gortsema, as plaintiff, instituted an action for divorce against Myrtle E. Gortsema, respondent herein, seeking dissolution of the marriage and division of the parties' community property. Mrs. Gortsema filed an answer, on August 1, 1961, by her guardian who was previously appointed by the probate court of the county. In the answer, the allegations of extreme cruelty alleged in the complaint were denied. She also prayed for a division of the community property. At the time of filing the answer a "Property Settlement Agreement" had already been executed by appellant and the guardian. This agreement was approved by the probate judge on the date of its execution and was introduced as an exhibit in the divorce action.
Following trial the court made the following finding, material to the issues now before this court:
"4. That the parties have entered into a property settlement agreement dated July 28, 1961, setting forth their distribution and division of the community property, to-wit:
(a) That Myrtle E. Gortsema shall receive as her sole and separate propperty, free and clear of all community debts and obligations, except as otherwise provided, to-wit:
(Description of real property)
"The plaintiff John E. Gortsema shall pay to the second party [Myrtle E. Gortsema] for her support and maintenance the sum of Three Hundred and no/100 ($300.00) monthly, so long as she shall live, with the first of such monthly payments becoming due and payable *779 on the 15th day of August, 1961, and continuing each month thereafter during the term of her natural life."
The court in its conclusions of law held:
"2. That the property settlement agreement dated June 28, 1961, which terms the findings of fact set forth in detail as to the property to be transferred to the defendant Myrtle E. Gortsema, is in all respects a fair, just and equitable settlement of the community property acquired by the parties during the marriage of the parties and should be set over to the defendant Myrtle E. Gortsema as her sole and separate property by decree of this Court."
By its decree of August 1, 1961, the court dissolved the marriage, specifically awarded real and personal property to the respective parties and then provided:
"4
"That the defendant Myrtle E. Gortsema have and recover from the plaintiff John E. Gortsema the sum of $300.00 per month, beginning August 15, 1961, for her support and maintenance, for the rest of her natural life, together with the sum of $500.00 reasonable attorney's fees and costs fixed in the amount of $6.00."
No appeal was taken from the judgment entered in the divorce action. In April 1967 the appellant moved for a modification of the above quoted paragraph 4 of the decree, on two grounds:
1. That the phrase "for the rest of her natural life," as contained in paragraph 4 of the decree is in violation of the provisions of I.C. § 32-706 and void;
2. That since the decree, there have been material changes justifying a modification of that provision of the decree. This motion was supported by appellant's affidavit. The guardian, on behalf of respondent, filed an affidavit denying that there was any material change of circumstances as existed at the time of entry of the decree. The affidavit admitted that respondent's estate has increased by a material amount. Respondent also asserted that the court was without jurisdiction to modify the provision for support contained in the decree.
The trial court, after hearing was had on the issues presented by the affidavit in support of appellant's motion for modification and respondent's affidavit, entered its order denying appellant's motion. The court found that appellant was the sole owner of the corporate stock of Gortsema Motors, Inc., except for two qualifying shares. The court further found that since entry of the decree of divorce the earnings of Gortsema Motors, Inc. have decreased from an average annual net earning of $1,500.00 to an average net loss of about $1,600.00 and that the salary paid appellant by the company has been reduced from about $18,000.00 to $15,000.00 annually, plus dividends of $480.00 on other corporate stock. The court further found that respondent's estate (guardianship estate) had increased by over $20,000.00 since the divorce, that expenses for her maintenance in a nursing home have increased from $270.00 to $300.00 per month, that her income for 1966 was $14,878.00 and that disbursements on her behalf amounted to $7,472.62.
In its conclusions of law, the trial court held that appellant has shown no appreciable loss of net worth since the decree of divorce and that his income is ample to pay his living expenses and to pay the monthly support for respondent. The court concluded that the fact that the property respondent received from the property settlement has yielded a good return and that her estate has increased is irrelevant to the issue of change of circumstances. The court also held that the provision for support contained in the property settlement agreement is not separable from other portions thereof and that it was the intent of the parties that it be integrated into the whole agreement. The court therefore held that it was without power or authority to modify such provision.
The trial court's finding as to appellant's financial status and income is fully *780 sustained, not only by appellant's testimony, but also by the exhibits, consisting of copies of individual and corporation income tax returns and financial statements of the corporation. His individual tax returns for the years 1961 through 1966 reflect that appellant had gross incomes (before itemized deductions) ranging between $20,650 and over $29,000.
The burden of proving that there has been such a material and permanent change of conditions and circumstances as to justify a modification of support payments for a former wife is on the party seeking the modification. Simpson v. Simpson, 51 Idaho 99, 4 P.2d 345 (1931). Only substantially changed circumstances and conditions of the parties will warrant a modification of the divorce decree. Daniels v. Daniels, 82 Idaho 201, 351 P.2d 236 (1960). It is our conclusion that the trial court did not err in refusing to modify the decree on the basis of an asserted change of circumstances.
Appellant asserts that the trial court erred in not modifying the decree of divorce because of the statement therein that the monthly payments to respondent shall continue "for the rest of her natural life." In McHan v. McHan, 59 Idaho 496, 84 P.2d 984 (1938), this court held that a default decree of divorce which provided that an allowance of $35.00 per month, based upon a confirmed agreement between the parties and the relief prayed for in the wife's complaint, did not proceed from any consideration of property rights, but was only a provision for an allowance for the wife's support under the provisions of what is now I.C. § 32-706. This court held that the phrase "during her lifetime," employed in the decree to indicate the term for which payments to the wife were to continue, should have been stricken and that the decree as to support payments was subject to modification.
The phrase "for the rest of her natural life" as used in the present decree in reference to the payments to be made to respondent is surplusage in any event. If the provision for support as contained in the decree is considered as being a part of an integrated property settlement agreement, not severable from other portions of the agreement, the obligation arises from the contract and not from the court decree; if however the support provisions of the decree be considered an allowance for support under the provisions of I.C. § 32-706, the phrase is meaningless, because the provision may be modified. In any event it should be stricken as surplusage.
In its conclusions of law the trial court held "that the provision for support contained in the property settlement agreement is not separable from the other portions thereof, and that such provision was intended by the parties to be an integrated part of the whole agreement, and that therefore the Court does not have the power or authority to change the contract between the parties." It is our conclusion that the trial court was in error in this regard.
In the decree of divorce previously entered by the court, specific items of property were awarded to the wife and to the husband for and as their sole and separate property. As previously pointed out, the trial court then provided that the wife receive from the husband $300.00 per month "for her support and maintenance." I.C. § 32-706 authorizes a trial court to require the husband "to make such suitable allowance to the wife for her support as the court may deem just, having regard to the circumstances of the parties respectively; and the court may, from time to time, modify its orders in these respects." There is nothing in this decree to indicate that the payments to be made by the appellant for the support of respondent were other than payments authorized by the statutory provision.
In Kimball v. Kimball, 83 Idaho 12, 356 P.2d 919 (1960), the plaintiff, a divorced husband, sought modification of a decree of divorce to reduce monthly payments required to be paid to his former wife. The decree in Kimball v. Kimball approved and *781 ratified a written property settlement agreement entered into between the parties and ordered the parties to comply with the agreement. This court affirmed the trial court's order dismissing the motion to modify, wherein the trial court stated "the court is without authority to modify the property settlement agreement referred to in the Decree." In the Kimball case this court stated:
"Where there is no merger, then the contract itself governs, and the terms of the contract being otherwise valid are not subject to being re-written or modified by the court, without the consent of both parties." 83 Idaho at 16, 356 P.2d at 922.
This court then went on to point out that even if the agreement was merged into the divorce decree, the merger of an agreement into a decree of divorce alone is not sufficient basis of authority for a court to grant a modification; rather, as the court pointed out:
"Only where such payments are separable from the provisions of the agreement relative to the division of property, or where the payments are for support and maintenance and are not so integrated that such constitute reciprocal consideration for the division of property, can the court make such modification. * * *.
"An agreement is integrated if the parties have agreed that the provisions relating to division of property and the provisions relating to support constitute reciprocal consideration. The support provisions are then necessarily part and parcel of a division of property." Kimball v. Kimball, 83 Idaho 12 (1960), at 17, 356 P.2d 919, at 922.
In the present case the district court specifically incorporated into its decree that part of the property settlement agreement providing for the wife's support and has ordered that this provision be performed. Under such circumstances the support provision of the agreement was merged into the divorce decree. Bainbridge v. Bainbridge, 75 Idaho 13, 265 P.2d 662 (1954); Kimball v. Kimball, supra. In addition, an examination of the agreement, upon which the present decree is based, fails to disclose affirmatively that the provisions relating to the support payments for the wife were a reciprocal consideration for the division of the parties' community property, as was found to be the case in Kimball v. Kimball. The present case is thus more closely related to the case of Fisher v. Fisher, 84 Idaho 303, 371 P.2d 847 (1962), and to McHan v. McHan, 59 Idaho 496, 84 P.2d 984 (1938). In both of these last cited cases this court held that the decrees providing for support payments to the wife were subject to modification upon a proper showing.
This case is distinguishable on its facts from Turner v. Turner, 90 Idaho 308, 410 P.2d 648 (1966), wherein this court concluded that the provisions of the parties' agreement relating to support and maintenance were neither merged into the divorce decree, nor a separable portion of the agreement. In Turner v. Turner, it is pointed out that "the decree contained the finding that the parties had entered into an agreement `with respect to a division and settlement of the property rights of the plaintiff and defendant,' and the court `approved and confirmed' the agreement." 90 Idaho at 313, 410 P.2d at 651. In the instant case, the substance of the provisions of the agreement for support were fully set out in the decree, and in our conclusion, merged therein.
It is thus our conclusion that the trial court erred in holding that it was without power to modify the parties' agreement. The support provisions of the agreement were merged into the decree of divorce and were separable from other provisions of the property settlement agreement relating to the division of the parties' community property. Moreover, the support provisions were couched in the terms of the provisions of I.C. § 32-706, and respondent, who asserted the lack of jurisdiction of the court, in our opinion failed to carry the burden cast upon her.
*782 We cannot overemphasize the importance of having an adjudication at the time of trial of the divorce action as to the status of support provisions such as are involved herein. The decree must clearly reflect whether such a provision is intended to be in satisfaction of the husband's obligation to support the wife or whether it is in fact a consideration for the reciprocal transfer of property. As was stated in Kimball v. Kimball, 83 Idaho 12, 356 P.2d 919 (1960),
"Trial courts should make specific findings as to whether an agreement submitted to it for consideration in a divorce action is a property settlement agreement with the monthly payments an integral and indivisible part of the consideration for transfer of property, or whether such payments are in fact divisible from the consideration for transfer of the property, and are agreed to be paid as maintenance allowable under the authority of I.C. § 32-706, and thus subject to modification." 83 Idaho at 18, 356 P.2d at 923.
Determination of such issues should be had at the time of trial of the divorce action. Then if a decree is believed erroneous, the aggrieved party may appeal. Such issues should not be withheld for determination in a collateral proceeding for modification of such a decree.
That portion of the order denying modification because of the conclusion that appellant failed to show material change of circumstances is affirmed. The conclusion of the trial court that it was without authority to modify the agreement is reversed insofar as it holds the agreement was not merged into the decree and was not subject to modification.
This leaves the provisions of the decree for support payments subject to future modification upon a sufficient showing.
SMITH, C.J., and TAYLOR, McQUADE and SPEAR, JJ., concur.