BERTHA DWORSKY, Appellant, *v.* MOSER ARNDTSTEIN, Respondent.

*Will — decree of a surrogate is without effect as to the widow and the heir at law of a testator not cited in probate proceedings — presumption as to death — release of right of dower, executed by the wife, in the husband's lifetime, when insufficient to bar dower.*

One Henry Wisendanger, who died in 1887, and whose will was admitted to probate in the same year, devised his property to his beloved consort, Fillipene Cristen, for her life, or so long as she should remain his widow, and after her death he gave his estate to his four children by the said Fillipene Cristen, naming them.

In fact, the testator was married to one Elizabeth Wisendanger (of which marriage there were no children), and had a brother, who was his heir at law and was shown to have been living in 1865. No citation was served upon either of the two last-named parties in the proceedings before the Surrogate's Court for the probate of the will.

In an action brought in 1895, in which the title to property so devised was attacked, it was,

*Held*, that as to his widow and brother the probate of the will was without effect, and the decree of the surrogate did not establish the will even presumptively;

That there was no presumption that the brother, who was alive in 1865, was dead in 1895;

That a release, executed by Elizabeth Wisendanger during her husband's life of her right of dower in all real estate of which her husband might be seized, in

consideration of a mortgage for $4,000 given in pursuance of articles of separation between Wisendanger and his wife, was not, in the absence of evidence that the provision so made was a suitable one for her, effective as a discharge of her dower.

APPEAL by the plaintiff, Bertha Dworsky, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 23d day of November, 1897, upon the decision of the court rendered after a trial at the New York Special Term directing the specific performance of a contract.

The will of Henry Wisendanger, referred to in the opinion, was admitted to probate on the 23d day of December, 1897.

*Francis B. Chedsey*, for the appellant.

*Henry Meyer*, for the respondent.

RUMSEY, J.:

On the 10th of September, 1895, the plaintiff and the defendant made a contract, by which the defendant agreed to sell to the plaintiff a lot known as No. 49 Allen street, in the city of New York. The particular terms of the contract are not at all material. On the day fixed for the completion of the contract the plaintiff appeared at the proper place ready to perform on her part, but refused to accept the title offered by the defendant because she claimed that it was not marketable, in particulars then specified and upon which she now relies. The contract was not performed and, thereupon, the plaintiff brought this action to have the contract set aside and to relieve herself from all obligations under it, and to recover the moneys which she had paid upon it and her expenses. The defendant in his answer, by way of counterclaim, set up the making of the contract and his readiness to perform it, claimed that his title was good and asked affirmative relief by way of specific performance of the contract by the plaintiff. Upon the issue thus joined the action came on for trial at Special Term, and as the result of the trial the court adjudged that the title offered by the defendant was marketable, and that the defendant was entitled to judgment upon his counterclaim, requiring the plaintiff specifically to perform the con-

tract. Judgment was entered accordingly, and from that judgment this appeal is taken by the plaintiff.

Passing over some minor objections which it does not seem to us necessary to consider, we come at once to the serious questions presented in the case.

The defendant's title came through Henry Wisendanger, who obtained a deed of the property from one Daniel Porr on the 23d of January, 1866. Wisendanger died in 1887, leaving a will devising this property. An action of partition was subsequently brought between the persons named as devisees in the will. In that action this property was sold by a referee duly appointed, and the defendant derives his title from the grantee upon that sale. It will be seen, therefore, that the title of the defendant depends entirely upon the will of Henry Wisendanger and if the title of the devisees was not established, the plaintiff fails to show that he acquired a marketable title to the property, and, therefore, he is not entitled to a judgment for specific performance.

The defendant offered in evidence a decree of the Surrogate's Court admitting to probate the will of Henry Wisendanger. No other evidence of the due execution of that will was presented. It is insisted that this decree is not sufficient, because the proper persons were not made parties to the proceeding for the probate of the will. By the will of Henry Wisendanger he devised his property to his beloved consort Fillipene Cristen for her life, or so long as she should remain his widow, and after her death he gave his estate to his four children by the said Fillipene Cristen, naming them. It was made to appear by the plaintiff that in 1866 Henry Wisendanger was married to one Elizabeth Wisendanger, and that she was living at the time of the trial, and it was also made to appear, and was not disputed, that Henry Wisendanger and Elizabeth Wisendanger had never been divorced, but that they were husband and wife at the time of his death. It was also made to appear that there were no children of that marriage, but that Henry Wisendanger had, in 1865, a brother living. The plaintiff offered to prove the age of this brother in 1865, when the witness had last seen him, but that evidence was excluded, and no further evidence was given with regard to the existence of that person, except that his name was Rudolph, and he was last seen by the witness soon after the civil

war. When the decree of the surrogate was offered in evidence, the plaintiff having made proof of these facts, objected that it was not conclusive as to the title of these premises, for the reason that the proper parties had not been made parties to the proceeding for its probate. That objection was well taken. It is quite true that a will need not be admitted to probate to vest in a devisee named in it the title to real property devised to him by the will (*Corley* v. *McElmeel*, 149 N. Y. 228); but one who claims the title to real property under a devise in a will is bound to establish that the will was actually executed as required by the statute, and unless he does that he fails to show that the will passed the title to the real property. At common law it was always necessary to make proof of the due execution of the will to enable one to claim title under it, because, except by the aid of a statute, the probate of the will in the ecclesiastical court had no effect whatever upon the title to real property, and one claiming real estate under the will was required to prove its due execution, precisely as he was required to prove the due execution of a deed under which he claimed. (*Jackson* v. *La Grange*, 19 Johns. 386.) The statutes giving effect as to real estate to the probate of a will were designed to remedy this inconvenience; and when a will has been proved, as provided by the statute, the decree admitting the will to probate is *prima facie* evidence of its due execution, so as to enable one claiming under it to take title to the real estate. But the decree of the surrogate has only the effect which is given to it by the statute, and that is that it established presumptively, only, the due execution of the will as against a party who was duly cited or a person claiming under it. (Code Civ. Proc. § 2627.) But that the decree may have this effect as against one who, but for the will, would have a right in the real estate, it is necessary that the citation should have been served upon him in a proceeding for the probate of the will. The statute requires that when a will relates to real property the husband or wife of the testator, and all his heirs, must be cited to appear upon its probate. (Code Civ. Proc. § 2615.) Unless these persons have been cited the probate as to them is of no force. In this case it clearly appears that Fillipene Cristen was not the widow of Henry Wisendanger, and that her children, named in the will, are not his legitimate children, but that Elizabeth Wisendanger was his wife, and that Rudolph Wisendanger is his heir at

law.  No citation was served upon either of these persons, and the probate of the will, therefore, as to them, had no effect whatever. They were not- affected by it, and the decree of the surrogate did not establish the will as against them even presumptively.

But it is said that there is no presumption that Rudolph Wisendanger was alive.  That is clearly erroneous.  He was living in 1865.  No proof whatever has been given of his death since that time, and certainly there can be no presumption, either of law or of fact, that a person who was alive in 1865 was dead in 1895.  For aught that appears he may have been a young man at that time. No effort to find him has been made on the part of the defendant. No account is given of his whereabouts, and, while it is quite possible that he may have died, the presumption, if there is any presumption, is clearly the other way.  In the case of *Vought* v. *Williams* (120 N. Y. 253) the plaintiff claimed to have a marketable title to certain property.  It appeared that one Giles Richardson was a part owner of the property if he were living.  He had not been heard of since the year 1863, when he was twenty-two years of age, and in poor health.  The action was tried in 1887, and the plaintiff insisted that Giles Richardson, not having been heard of from the year 1863 to 1887, the presumption was that he was dead.  The court declined to entertain any such presumption, and held that the title was not good, and the judgment entered upon that decision was affirmed in the Court of Appeals.  The case is express authority, if authority were needed, for the proposition that such a lapse of time is not sufficient to warrant the presumption of death in the case of any man with regard to whom no proof has been given, except that he has not been heard of for a long time.  It will be noticed in this case that there is no proof of any effort to find him, and, for aught that appears, he may still be somewhere in the city of New York.

So, too, it appeared clearly in this case that Elizabeth Wisendanger, the wife of Henry Wisendanger, was still living. She was a witness upon this trial.  As to her also these proceedings for the probate of this will were of no effect whatever.  But it is said that she was not a necessary party because she had released her right of dower, by reason of which alone it was necessary that she should be cited to appear.  That matter will be considered later.  It is sufficient to say here that unless she had made a valid and operative

release of her right of dower, she was undoubtedly a necessary party to the proceeding for the probate of this will. Because of the failure to cite Rudolph Wisendanger and Elizabeth Wisendanger upon these proceedings, the probate was not evidence as to them and they are still at liberty to assert whatever title they have to those premises, and the defendant's title is not proved.

But it is claimed by the plaintiff that Elizabeth Wisendanger has an outstanding right of dower in these premises which accrued at the death of her husband in 1887. She was not a party to this action, and, therefore, she is not affected in the slightest degree by any judgment which may be rendered herein, but she is still at liberty, if she sees fit, to assert that right against the plaintiff, precisely as she might have asserted it against anybody else. Before the plaintiff can be compelled to take this title in the face of a possible claim on the part of Elizabeth Wisendanger, the defendants are bound to show that the title is not open to a reasonable doubt which may be cast upon it by this outstanding right of dower, and that reasonable doubt exists whenever the title depends upon a disputed question of fact, and the party under whom the right is claimed is not a party to the action in which the disputed question of fact is to be determined. (*Fleming* v. *Burnham*, 100 N. Y. 1.) The facts in regard to this right of dower are shortly as follows: Elizabeth Wisendanger and her husband separated some time in the year 1867. At that time Henry Wisendanger seems to have given to John Schmidt, the brother of Elizabeth, a mortgage for $4,000 upon these premises, in pursuance of the articles of separation between Wisendanger and his wife. In 1870 Schmidt brought an action to foreclose this mortgage, making Wisendanger and his wife parties defendant. Wisendanger set up in his answer that, by the agreement between Schmidt, Elizabeth and himself, it was understood that a release of Elizabeth's right of dower to all his real estate should have been executed by her, but that by mistake it was not executed, and asked that the mortgage, which he said was given under that mistake, be delivered up and canceled. Whether Elizabeth was served in that action or appeared therein is not shown, and there is no recital as to the fact, but the action resulted in a judgment that she execute and deliver to Henry a release of her dower, and upon that being done the complaint was to be dismissed.

Pursuant to the judgment in that case, and on the 5th of May, 1871, Elizabeth seems to have executed a general release of her right of dower in all real estate of which Henry might be seized. This release was offered in evidence, and·it was insisted by the defendant, and held by the court, that this release was sufficient to bar Elizabeth from any right of dower in these premises. At the time of the execution of this release, Henry Wisendanger was the owner of the premises, and the release, therefore, was of no effect standing by itself, because during coverture the wife's inchoate right of dower can only be transferred or released to one who already has, or by the instrument of the release acquires, an independent title to the property. (*Elmendorf* v. *Lockwood,* 57 N. Y. 325.) But the statute provides that if, after coverture, a pecuniary provision shall be made to a wife in lieu of her dower, she shall make her election whether she will take such provision or whether she will be endowed of the lands of her husband, but she shall not have both. (1 R. S. 741, § 12.) There is nothing here from which it can be said, as a matter of law, that a pecuniary provision was made for this woman as a consideration for this release. Whether it was so made is a question of fact to be determined in any action where that question shall arise, and when so determined, is conclusive as to the parties to that action, but as to nobody else. That question has never been so determined as that Elizabeth Wisendanger is concluded by it so far as the rights of this defendant are concerned. In *Jones* v. *Fleming* (104 N. Y. 418) the question was presented whether the release by the plaintiff as widow of James Jones, of her inchoate right of dower in all his estate, was valid, and it was held that, as it had been made to appear in the case that a pecuniary provision had been made to her in lieu of her dower, and that provision was a suitable proportion of the estate, she was estopped from claiming dower by virtue of the section of the Revised Statutes cited above. But it is clear in that case that the estoppel was held to exist because of the fact made to appear in the case, that the provision which .had been received by the plaintiff was suitable and had been made to her in lieu of dower. In this case, while it may be said that the court was justified in finding as a fact that the payment to Elizabeth Wisendanger which she received as a consideration for executing the release, was a pecuniary provision

in lieu of dower, yet the finding of the fact in that regard does not conclude her and she is still at liberty to contest it against the plaintiff, if the plaintiff accepts a deed of this property.

So, there is no evidence that the provision was a suitable one for her in lieu of dower, because there is not one particle of evidence in the case as to what property Henry Wisendanger owned at the time of his death or when this provision was made. There was, therefore, a disputed question of fact as to the right of Elizabeth to dower in these premises, which was an incumbrance upon this title.

After the probate of the will of Henry Wisendanger one of the devisees brought an action for a partition of this property. The only persons made parties to that action were the devisees named in his will; and Rudolph Wisendanger, who it appears here was his heir at law, and Elizabeth Wisendanger, who is his wife and possibly entitled to dower in his estate, were not parties to the action. It needs no argument or citation of authority to show that, as far as they are concerned, this judgment has no effect whatever upon their title. The defendant having failed to show a valid will properly executed, the parties to the partition suit had no title as against the heir at law of Henry Wisendanger, and while the judgment in the partition action disposed of their rights as between themselves, it had no effect upon the rights of the heirs at law of Henry Wisendanger, who were not parties to it, and, therefore, it cannot be relied upon as establishing the title which but for the will would not exist.

For the reasons thus presented, and without considering any others, the judgment appealed from must be reversed and a new trial granted, with costs to the appellant to abide the event.

Van Brunt, P. J., Barrett, Ingraham and McLaughlin, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.