### BARNES v. KLUG et al.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. PARTIES (§ 6*)—RIGHT TO SUE—REAL PARTY IN INTEREST.

Where a trustee in a separation agreement had no interest in the money which the husband agreed to pay to the wife through the trustee, except to receive and pay it over to the wife, and after the husband's death the trustee disputed her right to further payments from the husband's estate under the contract, the widow was the real party in interest, and was entitled to sue to compel such further payments, making the trustee a party defendant.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 7; Dec. Dig. § 6.*]

2. HUSBAND AND WIFE (§ 278*)—SEPARATION AGREEMENT—VALIDITY.

A contract between husband and wife, without the intervention of a trustee, made while they are living apart, is valid and enforceable.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1046; Dec. Dig. § 278.*]

3. DIVORCE (§ 247*)—ALIMONY—TERMINATION.

A decree for alimony for the life of the wife is ineffective after the husband's death.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 699; Dec. Dig. § 247.*]

4. HUSBAND AND WIFE (§ 278*)—HUSBAND'S DEATH—SUPPORT OF WIFE.

Where a husband and wife are living apart, he may voluntarily contract to continue her support after his death.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1058; Dec. Dig. § 278.*]

5. HUSBAND AND WIFE (§ 279*)—CONTRACT FOR SUPPORT—HUSBAND'S ESTATE.

Where a separation agreement provided that the husband should pay to the wife for her support certain weekly or monthly installments for her life, such contract was binding on the husband's personal representatives, though not so stated in terms, and the widow was therefore entitled to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

compel the retention by the husband's executors of an amount sufficient to provide for the continuance of her support.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1058; Dec. Dig. § 279.*]

6. DOWER (§ 58*)—RELINQUISHMENT—CONTRACT TO SUPPORT—ELECTION.

Where payments to be made to a wife, as stipulated in a separation contract, were in lieu of dower, it was no answer to her right to enforce such contract after her husband's death that her relinquishment of dower was unenforceable; she being required to elect to take the dower or the provision under the contract.

[Ed. Note.—For other cases, see Dower, Cent. Dig. § 129; Dec. Dig. § 58.*]

7. HUSBAND AND WIFE (§ 281*)—SEPARATION AGREEMENT—ENFORCEMENT—NATURE OF REMEDY.

While a widow was entitled to sue at law for each monthly payment as it matured under a separation agreement with her husband and recover unpaid installments, such action would not prevent the distribution of the husband's estate by his executors, and, the Surrogate's Court having no jurisdiction to require the executors to retain a sufficient amount to provide for such payments during the remainder of the widow's life, she could sue in equity for such relief.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1061; Dec. Dig. § 281.*]

Appeal from Special Term, New York County.

Action by Ida Van Aken Barnes against Auguste F. Klug and another, as executors, etc., of Justin L. Barnes, deceased, impleaded. From an interlocutory judgment overruling defendants' demurrer to the complaint, defendants Klug and Hagarty, as executors, appeal. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

William H. Stryker, for appellants.

Joseph N. Tuttle, for respondent.

HOUGHTON, J. The amended complaint alleges that appellants' testator, Justin L. Barnes, and plaintiff, were formerly husband and wife, and that such differences arose between them that they separated in April, 1892, and that shortly thereafter, while still living apart, an agreement of separation was entered into between them, by which it was provided that they should live separate and apart, and that in consideration of the mutual covenants, one of which was the release by plaintiff of all claim of dower and distributive share in his estate, the husband agreed to pay to a trustee named in such agreement, for plaintiff's support and the maintenance and education of his and her two children, the sum of $15 per week, in advance, for the term of the natural life of plaintiff, and with a further provision in the articles of separation that, if the means and business of the husband should warrant, the weekly payments would be increased proportionately; that said agreement was observed and the weekly payments made from May, 1892, to February, 1902, when for a valuable consideration, to wit, the withdrawal of an action, Justin L. Barnes agreed to pay to the plaintiff herself, on the 15th day of June following and on the 15th

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

day of each month thereafter, the sum of $100 in place of the previously stipulated weekly payments of $15; that such modified agreement was carried out by said Justin L. Barnes and the payments made as stipulated from the 15th day of June, 1902, down to the 15th day of February, 1907, such payments being made directly to the plaintiff, without the intervention of the trustee named in the original agreement; that Justin L. Barnes died on the 13th day of April, 1907, leaving a last will and testament, duly admitted to probate, of which these appellants are the qualified executors, and that such will contains no provision for the support of this plaintiff during the remainder of her life, or for the carrying out of such separation agreement as to monthly payments, but that the property and estate of the deceased in the hands of these appellants is sufficient in amount to warrant the payment to plaintiff during the remainder of her life of the sum of $100 per month for her support and maintenance; that the executors claim that all legal liability under the separation agreement, as modified, ceased on the death of their testator; that plaintiff has no means in the Surrogate's Court of adjusting her claim, or of preventing in that court distribution of the estate of the testator as provided by his will, or of compelling the executors to retain in their hands a fund sufficient to meet the monthly payments as long as plaintiff shall live; and judgment is demanded that it be adjudged that plaintiff is entitled to receive out of the estate of said testator the sum of $100 per month as long as she may live, and that she be awarded in money the accumulated payments up to the time of trial, and that such a sum be set apart from the assets of the estate and held by the executors, or some other persons, as trustees, as will produce that amount monthly to be paid to her during the remainder of her life.

The original agreement of separation and the one modifying it as to the amount to be paid only are attached to the complaint and made a part of it. The trustee named in the separation agreement is made a defendant as such, and it is alleged that such trustee claims, as do the executors, that all liability under that agreement ceased on the death of Justin L. Barnes. The defendant executors demurred to the complaint on the ground that it appears upon the face of the complaint that the plaintiff has no legal capacity to sue, in that the action should have been brought by the trustee named in the separation agreement, and upon the further ground that the complaint does not state facts sufficient to constitute a cause of action.

The learned trial court overruled the demurrer, and we think properly. The plaintiff is the real party in interest under the separation agreement. The trustee had no title and no interest in the money, except to receive it and pay it over to the plaintiff. The trustee would in no way suffer from breach of the agreement, and on breach whatever cause of action existed came to the plaintiff. The precise question was passed upon by this court in Recknagel v. Steinway, 105 App. Div. 561, 94 N. Y. Supp. 119; affirmed as to this point 184 N. Y. 614, 77 N. E. 801. If any answer were needed, however, to this proposition, it is found in the complaint, which alleges that the trustee, who is made a defendant as such, disputes plaintiff's right. This is sufficient reason for the plaintiff bringing the action and making

the trustee a party defendant. Indeed, there was no occasion for naming a trustee in the articles of separation; for a contract between the husband and wife alone, made while actually living apart, would have been entirely legal and capable of enforcement. Winter v. Winter, 191 N. Y. 462, 84 N. E. 382.

The appellants insist, however, even if the action be properly brought in the name of plaintiff, that the amended complaint fails to state a cause of action, because the testator was under no obligation to support his wife after his death. It is true that a husband cannot be compelled to support his wife, except during his lifetime. Where a decree of absolute divorce or of separation is granted against him by the court, alimony will cease on his death, notwithstanding the decree should provide that he pay the stipulated alimony during the life of the wife and direct that he give security to insure its payment. Wilson v. Hinman, 182 N. Y. 408, 75 N. E. 236, 2 L. R. A. (N. S.) 232, 108 Am. St. Rep. 820. When a decree of divorce is granted to an innocent wife against a guilty husband, the allowance of alimony to her is a continuance of his marital duty of support, which the courts have power to compel him to furnish, notwithstanding the dissolution of the marriage. This duty being upon him only during his lifetime, the courts cannot compel him to make provision for its continuance after his death. But he can voluntarily make such provision for support, to continue after his death, by contract or otherwise, if he sees fit so to do. By the contract annexed to the complaint, appellants' testator agreed "to make such payments for the term of her [plaintiff's] natural life," and the modified agreement provided for the increased payments to be made according to the original contract. The appellants' testator could make such a contract if he desired. Nor was it necessary in express terms to state in the contract that it should be binding on his legal representatives. There is nothing in the language of the contract showing that he intended to bind only himself. It is a presumption of law, in the absence of express words, that the parties to a contract intend to bind, not only themselves, but their personal representatives. Kernochan v. Murray, 111 N. Y. 306, 18 N. E. 868, 2 L. R. A. 183, 7 Am. St. Rep. 744. In Wilson v. Hinman, supra, Cullen, C. J., after discussing why a mortgage given by the husband pursuant to decree of the court to secure the payment of compulsory alimony would not be enforced after the death of the husband, because the courts had no power to compel him to provide for the wife's support except during his lifetime, says:

"It may very well be that by agreement of the parties alimony might be awarded in a different form from that provided for in the statute; that is to say, the parties might agree that a gross sum should be paid as alimony, or that an allowance should be made to the wife which would bind the husband's estate after his death. An agreement of that character would in no way contravene public policy, and the performance of it would, doubtless, be enforceable by the courts."

Such agreements were enforced in Carson v. Murray, 3 Paige Ch. 483, in Magee v. Magee, 67 Barb. 487, and in Mann v. Hulbert, 38 Hun, 27, and it was deemed an entirely proper and binding agreement

in Galusha v. Galusha, 116 N. Y. 635, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453.

It is urged that the provision of the contract with respect to the plaintiff relinquishing her dower was ineffectual for that purpose, and that therefore it is inequitable to permit her to enforce the contract and thus obtain both dower and monthly payments for her support. The payments provided for by the contract constitute a pecuniary provision made in lieu of dower, and if she seeks and obtains that she will be estopped from claiming dower in addition. Jones v. Fleming, 104 N. Y. 418, 10 N. E. 693; Dworsky v. Arndtstein, 29 App. Div. 274, 51 N. Y. Supp. 597.

We see no reason why an equitable action, under the peculiar facts set forth, will not lie. Manifestly the Surrogate's Court cannot make such a decree as is necessary to preserve out of the estate a fund from which payments can be made to the plaintiff. While plaintiff has the right to institute a legal action for each monthly payment as it falls due, and for past unpaid installments, such actions would not necessarily prevent distribution of the estate by the executors. The procedure adopted in Carson v. Murray, supra, would seem to be the only one to effectually preserve plaintiff's rights, and for such a decree an equitable action is a necessity.

The interlocutory judgment should be affirmed, with costs, and the defendants permitted to withdraw their demurrer and answer, upon payments of costs of this court and of the court below. All concur.

O'BRIEN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department.   December 11, 1908.)

1. RAILROADS (§ 329*)—CROSSING ACCIDENTS—CONTRIBUTORY NEGLIGENCE.

Decedent was guilty of contributory negligence, barring recovery for his death, where he attempted to drive across a railroad track in front of a rapidly moving engine after looking in the direction from which it was coming and presumably appreciating the situation.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1026; Dec. Dig. § 329.*]

2. RAILROADS (§ 346*) — CROSSING ACCIDENTS — CONTRIBUTORY NEGLIGENCE — BURDEN OF PROOF.

In an action against a railway company for the death of one who attempted to drive across a track in front of a rapidly moving engine, the burden was on plaintiff to show decedent's freedom from contributory negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1121, 1122; Dec. Dig. § 346.*]

3. RAILROADS (§ 327*)—CROSSING TRACKS—DUTY TO LOOK AND LISTEN.

One approaching a steam railway crossing must look, listen, and use caution.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1043, Dec. Dig. § 327.*]

Appeal from Trial Term, New York County.