In the Matter of the Estate of EDGAR J. BARDOL, Deceased. ELIZABETH A. BARDOL, Appellant; ELMA SCHWARTZ et al., as Executors of Edgar J. Bardol, Deceased, Respondent.

Fourth Department, April 2, 1976

*Condon, Klocke, Ange, Gervase & Sedita (Grace Marie Ange* of counsel), for appellant.

*Burke & Burke (Thomas Burke* of counsel), for respondents.

*William A. Sari* for Charles S. Bardol.

*Carmen S. Pino* for Frank S. Bardol.

*Brown, Maloney, Gallup, Roach & Busteed (Daniel Roach* of counsel), for Bette B. Molony.

DILLON, J. Claimant appeals from an order of Surrogate's Court determining that her support payments pursuant to a separation agreement terminated with the death of her husband. The sole issue presented relates to the intent of the parties at the time the agreement was executed.

Claimant and her former husband were married in 1948. In 1967 they entered into a separation agreement which included among its provisions a requirement that the husband pay claimant $15,000 annually until her death or remarriage. It also provided "That the husband agrees that in order to secure the wife and the children adequate support in the event of his death, to permit the wife to insure the husband's life at her expense." The agreement contained no provisions by which the claimant released her interest in her former husband's estate, either as an intestate distributee or by reason of a right of election, nor did it include a provision that the heirs, executors or representatives of the parties were to be bound by its terms.

It is well established that although a husband may not be compelled to provide for the support of his wife after his death *(Wilson v Hinman,* 182 NY 408), he may contractually agree to make such a provision *(Barnes v Klug,* 129 App Div 192, 195). Should he clearly do so, it is not necessary that the contract state that it bind his legal representatives. In the absence of an expression to the contrary, his intention that

his representatives be bound is presumed *(Matter of Wosnitzer,* 47 AD2d 402, 406; *Barnes v Klug, supra,* p 195).

Where there is no specific statement in the agreement providing that the estate shall continue to make support payments, a provision therein binding the legal representatives has been viewed as significant in finding that the parties intended the payments to be made by the estate *(Matter of Davis,* 32 AD2d 667).

That the separation agreement states that the support payments shall continue until the claimant's death does not resolve the issue. Where, as here, the agreement does not specifically provide that the benefits shall continue to be paid following the husband's death, the agreement must be considered in its entirety to determine whether the parties intended a survival of benefits. *(Lepsch v Lepsch,* 275 App Div 412, 415; *Cooke v Cooke,* 208 Misc 591, 594, affd 2 AD2d 128.) The burden of proving such an intent is on the wife *(Lepsch v Lepsch, supra,* p 415; *Matter of Baratta,* 199 Misc 246, 248, affd 279 App Div 992).

Claimant's reliance upon *Matter of Burridge* (261 NY 225), *Barnes v Klug (supra)* and *Matter of Howe* (15 Misc 2d 1044, affd 8 AD2d 720) is misplaced. The separation agreements in each of those cases required the wife to relinquish whatever rights she may have had to share in her husband's estate, and the decisions therein expressly considered the wife's release in determining that the parties intended the support payments to continue.

Subsequent to the argument of this appeal, the Court of Appeals rendered its decision in a matter involving substantially the same issue that we now meet *(Cohen v Cronin,* 39 NY2d 42). There also the wife released her rights to share in her husband's estate. In interpreting that waiver, Judge JASEN wrote for a unanimous court (p 46): "It is only reasonable that, in consideration for the release of her other marital rights, the wife acquired the security of having periodic payments made for her support during her lifetime, or, at least, until a remarriage." No such interpretation may be accorded the separation agreement here, since the claimant has not waived any right in her husband's estate. Indeed, the absence of such a waiver suggests that the parties did not contemplate a survival of benefits.

This conclusion is further buttressed by a paragraph in the separation agreement wherein the husband specifically waived

any interest which he might have in the estates of claimant's mother and father, and claimant specifically waived any interest in any real or personal property which might be due the husband from the estates of other particularly named individuals. It cannot be argued here, therefore, that the broad subject matter of waiver of interests in estates was not contemplated by the parties.

In these circumstances, if the obligation of the husband to make support payments survived his death, claimant would obtain more from her husband's estate than she would if she had not been separated. In interpreting such separation agreements, it would be illogical to conclude, absent a specific provision to the contrary, that a separated spouse should have a greater claim upon, or receive a greater benefit from, her deceased husband's estate than would a nonseparated spouse (see, e.g., *Wilson v Hinman,* 182 NY 408, 412, *supra; Barnes v Klug,* 129 App Div 192, 196, *supra).*

Additionally, and of great significance in the agreement at bar is the provision that the claimant may obtain insurance on her husband's life in order to secure herself "adequate support" in the event of his death. This clause demonstrates that an "effort was made to make other provision for the wife's support after the husband's death. (Cf. *Cooke v Cooke,* 2 AD2d 128, 136, *supra)" (Cohen v Cronin, supra,* p 46). Unlike the insurance clause in *Matter of Wosnitzer* (47 AD2d 402, 407, *supra),* this provision may not be interpreted as consideration for claimant's release of her interest in her husband's estate. Furthermore, the insurance clause in *Matter of Wosnitzer* did not contain a statement explaining its purpose in the agreement. Here the purpose is stated as being to secure adequate support to the claimant upon her husband's death.

Finally, the agreement here, similar to those in *Cooke v Cooke (supra)* and *Matter of Porter* (208 Misc 611), provided a mechanism whereby the amount of the support payments was subject to periodic change dependent upon the economic circumstances or income of the parties. Inasmuch as the husband's death eliminated a standard by which the amount of support was to be assessed, the parties could not have contemplated a survival of benefits *(Cohen v Cronin, supra).*

In view of the foregoing, we find that the parties did not intend that claimant's support payments would continue to be made from her husband's estate. Therefore, the language in the agreement calling for payment until claimant's death must be read as conditioned upon the life of the husband.

The order should be affirmed.

MARSH, P.J., MOULE, MAHONEY and GOLDMAN, JJ., concur.

Order unanimously affirmed, without costs.