■ In the Matter of CAROL B. WEED, as Executrix of ROBERT I. WEED, Deceased, Respondent. CAROLYN L. WEED, Appellant.—Order unanimously affirmed, without costs. Memorandum: Claimant and her former husband executed a separation agreement which provided, *inter alia,* that the husband make alimony payments until the wife's death or remarriage. Provision was also made for support of the children of the marriage until each attained a certain age or status. The Surrogate dismissed her claim for the continuation of alimony and child support payments beyond the death of the husband. We affirm. It is well settled that where, as here, a separation agreement does not specifically provide that alimony and support payments shall continue after the death of the husband, "the agreement must be considered in its entirety to determine whether the parties intended a survival of benefits." *(Matter of Bardol,* 51 AD2d 341, 343.) The burden of proving that intent rests with the claimant. Paragraph 10 of the separation agreement provides: "While the husband is obligated to pay alimony pursu-

ant to this Agreement, he will irrevocably assign $50,000.00 in life insurance for the benefit of his wife; and while he is obligated to pay child support hereunder, he will make her irrevocable beneficiary of an additional $50,000.00 life insurance on his life." The Surrogate correctly interpreted this provision as furnishing claimant with an alternative source of support upon the husband's death. Additionally, that portion of the agreement which requires that the amount of the payments should be increased in the event of an increase in the husband's salary indicates that the parties did not intend that the payments would bind the estate. "Since the husband's death would eliminate the standard by which the payments were to be measured, the obligation to make payments was intended not to survive his death." (Cohen v Cronin, 39 NY2d 42, 47.) Claimant contends that her waiver of rights to share in the estate demonstrates an intent that the payments were to be continued beyond the death of her husband. In Cohen, however, aside from the support payments, the agreement provided no other source of income to the wife upon the husband's death. Here, the insurance provides an alternate means of support and may be viewed as consideration for the waiver. Claimant also points out that the agreement's insurance provision contains no explanation of its purpose, unlike that in Matter of Bardol (51 AD2d 342, supra), where it was expressed that the purpose of the clause was to secure support to the wife in the event of the husband's death. While the language in the Bardol agreement facilitated its interpretation, the absence of a comparable explanatory statement here is not determinative. The terms of the present agreement limit the husband's obligation to provide insurance to the period during which he is required to make alimony and support payments, and thus necessitates the conclusion that the parties intended the insurance proceeds to substitute for the support payments upon the husband's death. (Appeal from order of Monroe County Surrogate's Court—claim against estate.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.